**Steven O'BANION, Plaintiff,**

v.

**Robert BOWMAN, et al., Defendant.**

No. C–1–92–500.

United States District Court, S.D. Ohio, W.D.

May 27, 1993.

William Knapp, Cincinnati, OH, Margo Grubbs, Florence, KY, for plaintiff.

Philip Zorn, Jr., Cincy, OH, for defendant.

## ORDER

CARL B. RUBIN, District Judge.

This matter is before the Court on the motion for a directed verdict made on behalf of defendant Simon Leis, Sheriff of Hamilton County, and defendant Hamilton County. Such motion was initially made at the conclusion of plaintiff's case at which time it was taken under submission. At the end of all of the evidence, the motion was renewed. For the reasons stated hereafter, the motion for directed verdict is hereby granted.

■ Any motion for a directed verdict in this circuit is governed by the strictures of a series of cases, the most recent of which is *Potti v. Duramed*, 938 F.2d 641 (6th Cir. 1991). The obligation imposed upon the trial court requires that the evidence and all permissible inferences therefrom must be construed most strongly in favor of the party against whom the motion is made and without consideration of the weight of the evidence or the credibility of the witnesses. A motion for directed verdict may only be granted if after considering the evidence in this light there can be but one reasonable conclusion as to the proper verdict.

With the foregoing principles established, the Court will consider the state of the evidence as it applied to defendant Leis and defendant Hamilton County. Since no independent basis for liability was asserted against "Hamilton County", it is clear that the disposition of the motion against Sheriff Leis will likewise dispose of defendant Hamilton County.

■ This case involves the asserted use of excessive force by Deputy Sheriff Robert Bowman against the plaintiff Steven O'Banion. The only basis for liability against defendant Leis is the liability of a supervisor. Supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. *Monell v. New York Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). To be held liable for a claim for damages, a supervisor must have "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct". *Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir.1989) (*citing Hayes v. Jefferson County, Ky.*, 668 F.2d 869, 874 (6th Cir.1982), *cert. denied*, 459 U.S. 833, 103 S.Ct. 75, 74 L.Ed.2d 73 (1982). Stated otherwise, "There must be a showing that the supervisor encouraged the specific incident of misconduct

or in some other way directly participated in it ..." *Bellamy v. Bradley,* 729 F.2d 416 (6th Cir.), *cert. denied,* 469 U.S. 845, 105 S.Ct. 156, 83 L.Ed.2d 93 (1984).

Supervisory liability may be based upon any of the following: a) active participation in the unconstitutional conduct; *Birrell v. Brown,* 867 F.2d at 959; b) encouragement or condonement of the specific incident of misconduct; *Id.;* c) a policy of inadequately training subordinates; *Barber v. Salem,* 953 F.2d 232, 236 (6th Cir.1992); and d) failure to conduct a reasonable inquiry after the fact; *Marchese v. Lucas,* 758 F.2d 181, 188 (6th Cir.1985), *cert. denied,* 480 U.S. 916, 107 S.Ct. 1369, 94 L.Ed.2d 685 (1987); *Walker v. Norris,* 917 F.2d 1449, 1457 (6th Cir. 1990).

### A. ACTIVE PARTICIPATION

The evidence is clear and uncontradicted that Sheriff Leis was not present when the incident occurred and indeed was not present at the Justice Center during any of its aftermath.

### B. ENCOURAGEMENT OF THE INCIDENT

The evidence is likewise clear and uncontroverted that defendant Leis took no action at any time to approve or to encourage the actions of his deputies.

### C. FAILURE TO PROPERLY TRAIN SUBORDINATES

The evidence in this case is clear and uncontradicted that all deputy sheriffs, including Correction Officer Bowman, were required to undergo training on methods to deal with unruly prisoners and that a specific Sheriff's policy to be applied in such situations was always known to them. Plaintiff presented no evidence that the deputy sheriffs involved were improperly trained in this regard or that the Sheriff or County had a policy of inadequately training deputy sheriffs. To the contrary, plaintiff's counsel spent a great deal of time seeking to establish that defendant Bowman violated the stated policy of the Sheriff's office in dealing with prisoners. While the evidence present-ed on this issue created a fact question regarding Bowman's behavior, it also clearly established a lack of supervisory liability based on a policy of failing to adequately train. Where a supervisor has trained subordinates to act in accordance with a certain policy, he cannot be held liable for violations of the policy.

### D. FAILURE TO CONDUCT A "SERIOUS" INVESTIGATION

Plaintiff in this case relies upon *Marchese v. Lucas,* 758 F.2d at 181, in support of his claim of supervisory liability. *Marchese* imposed liability upon a sheriff for the beating of a prisoner on the grounds that the official policy of the sheriff "had not required appropriate training and discipline of his officers" and there had been no "serious" investigation of the incident. *Marchese* is not the only case which addresses this issue. The United States Court of Appeals for the Sixth Circuit in *Walker v. Norris,* 917 F.2d at 1449, considered a claim of supervisory liability for failure to investigate arising from the stabbing of a prisoner by a fellow prisoner. The Court drew a distinction between the fact situation in *Marchese* and the facts before it. The Court in *Walker* noted that, "... the prison's internal affairs division investigated the stabbing and prepared an incident report ..." *Id.* at 1457.

In the matter at hand, Sheriff Leis likewise immediately required his Internal Affairs Division to conduct an investigation and render a report. Plaintiff's counsel has asserted that the investigation was a "sham", but such rhetoric can be applied to any investigation since one can always argue that something additional should have been done. In this case, there was no evidence presented which would support a conclusion that the investigation was a "sham".

The Court notes that at no time did plaintiff file a complaint asserting use of excessive force. The unrefuted testimony was that Sheriff Leis directed the Internal Affairs Division to conduct an investigation into whether excessive force was used against plaintiff after reading about the incident in the newspapers. The Internal Affairs Division also investigated the question of whether or not

plaintiff's actions constituted a criminal offense. That determination was affirmative, and the plaintiff was indicted on a criminal offense and convicted of a lesser offense in the Common Pleas Court of Hamilton County, Ohio. Whatever the thrust of the investigation, it is clear that it was "serious" and at least adequate to warrant submission of the matter to a Grand Jury. The investigation covered all of the numerous reports submitted by the officers involved. By any definition, this investigation does qualify as "serious". Plaintiff's counsel's unsupported assertion of "sham" notwithstanding, the strictures of *Marchese* and *Walker* appear to have been met.

## CONCLUSION

In accordance with the foregoing, there can be but one reasonable conclusion as to the liability of defendant Sheriff Simon Leis and defendant Hamilton County. Such conclusion is that there has been a failure of proof. Accordingly, the motion for directed verdict as to these defendants is hereby GRANTED.

IT IS SO ORDERED.