JOURNAL ENTRY AND OPINION
{¶ 1} Defendants the Village of Newburgh Heights and the Newburgh Heights Police Department appeal from the order of the trial court that denied their motion to dismiss plaintiffs' action for assault and battery and other claims. For the reasons set forth below, we reverse the trial court's ruling as to these motions and remand for further proceedings against the remaining defendants. On December 20, 2007, plaintiffs Daniel Griffits, Jesse Griffits, Charles Scott and Jamie William Bragg filed this action against the Village of Newburgh Heights, the Newburgh Heights Police Department, Officer Lally and other unknown police officers, in connection with their December 21, 2006 arrests. Plaintiffs set forth claims for assault and battery, intentional infliction of emotional distress, false arrest, malicious prosecution, and civil conspiracy.
 {¶ 2} The village and the police department filed motions for judgment on the pleadings and asserted immunity defenses pursuant to R.C. Chapter 2744. On February 28, 2008, the trial court denied the motions. One week later, the village and the police department filed a joint renewed motion for judgment on the pleadings. The trial court issued an entry denying both motions and the village and police department now appeal.[1] *Page 4 
 {¶ 3} Defendants' assignment of error states:
 {¶ 4} "The trial court committed reversible error when it denied Defendants' motion for judgment on the pleadings based upon immunity under Revised Code Chapter 2744."
 {¶ 5} With regard to procedure, we note that motions for judgment on the pleadings are governed by Civ. R. 12(C), which states:
 {¶ 6} "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."
 {¶ 7} Pursuant to this rule, "dismissal is [only] appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." State ex rel. Midwest Pride IV, Inc. v. Pontious (1996),75 Ohio St.3d 565, 570, 1996-Ohio-459, 664 N.E.2d 931, 936.
 {¶ 8} With regard to the substantive law, the village and the police department are political subdivisions as defined in R.C. 2744.01(F). See, e.g., Winegar v. Greenfield Police Dept, Highland App. No. 00CA18, 2002-Ohio-2173.
 {¶ 9} The determination of whether a political subdivision is immune from tort liability pursuant to R.C. Chapter 2744[1] involves a three-tiered analysis. Greene Cty. *Page 5 Agricultural Soc. v. Liming (2000), 89 Ohio St.3d 551, 556-557,2000-Ohio-486, 733 N.E.2d 1141. First, a political subdivision is "not liable in damages in a civil action for injury, death, or loss to persons or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." R.C. 2744.02(A)(1). However, that immunity is not absolute. R.C. 2744.02(B);Cater v. Cleveland (1998), 83 Ohio St.3d 24, 28, 1998-Ohio-421,697 N.E.2d 610.
 {¶ 10} The second tier of the analysis requires a court to determine whether any of the five exceptions to immunity listed in R.C. 2744.02(B) apply to expose the political subdivision to liability. Id. at 28,697 N.E.2d 610. See Ryll v. Columbus Fireworks Display Co., Inc.,95 Ohio St.3d 467, 470, 2002-Ohio-2584, 769 N.E.2d 372.
 {¶ 11} These five exceptions to immunity include the following:
 {¶ 12} "(1) * * * [Political subdivisions are liable for injury, death, or loss to person or property caused by the negligent operation of any motor vehicle by their employees; * * *
 {¶ 13} "(2) * * * [P]olitical subdivisions are liable for injury, death, or loss to person or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions. *Page 6 
 {¶ 14} "(3) * * * [Political subdivisions are liable for injury, death, or loss to person, or property caused by their negligent failure to keep public roads in repair and other negligent failure to remove obstructions from public roads, ***.
 {¶ 15} "(4) * * * [Political subdivisions are liable for injury, death, or loss to person or property that is caused by the negligence of their employees and that occurs within or on the grounds of, and is due to physical defects within or on the grounds of, buildings that are used in connection with the performance of a governmental function,* * * .
 {¶ 16} "(5) * * * [A] political subdivision is liable for injury, death, or loss to person or property when civil liability is expressly imposed upon the political subdivision by a section of the Revised Code * * *. Civil liability shall not be construed to exist under another section of the Revised Code merely because that section imposes a responsibility or mandatory duty upon a political subdivision, because that section provides for a criminal penalty, because of a general authorization in that section that a political subdivision may sue and be sued, or because that section uses the term `shall' in a provision pertaining to a political subdivision."
 {¶ 17} In order for the exception to immunity set forth in R.C. 2744.02(B)(5) to apply, the plaintiff must be able to identify a statute that expressly imposes liability on political subdivisions for actions similar to those at issue. See Bartsow v. Waller, Hocking App. No. 04CA5, 2004-Ohio-5746; Ratcliff v. Darby, Scioto App. *Page 7 
No. 02CA2832, 2002-Ohio-6626; Frazier v. Clinton County Sheriff'sOffice, Clinton App. No. CA2008-04-015, 2008-Ohio-6064.
 {¶ 18} In applying the third tier, the court must consider whether any of the exceptions to immunity in R.C. 2744.02(B) apply and whether there are any defenses in the relevant provision which protects the political subdivision from liability. If there is an applicable exception and no applicable defense, then the court must determine whether any of the defenses to liability are applicable pursuant to R.C. 2744.03. Cater v.Cleveland, supra.
 {¶ 19} Under R.C. 2744.03(A),
 {¶ 20} "(3) The political subdivision is immune from liability if the action or failure to act by the employee involved that gave rise to the claim of liability was within the discretion of the employee with respect to policy-making, planning, or enforcement powers by virtue of the duties and responsibilities of the office or position of the employee.
 {¶ 21} "* * *
 {¶ 22} "(5) The political subdivision is immune from liability if the injury, death, or loss to person or property resulted from the exercise of judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other resources unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner.
 {¶ 23} "(6) In addition to any immunity or defense referred to in division (A)(7) of this section and in circumstances not covered by that division or sections 3314.07 *Page 8 
and 3746.24 of the Revised Code, the employee is immune from liability unless one of the following applies:
 {¶ 24} "(a) The employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities;
 {¶ 25} "(b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner * * *."
 {¶ 26} In applying the foregoing, we note that courts have generally held that because R.C. 2744.02(B) includes no specific exceptions for intentional torts, political subdivisions are immune from intentional tort claims. See Thornton v. City of Cleveland, 176 Ohio App.3d 122,2008-Ohio-1709, 890 N.E.2d 353; Young v. Genie Indus. UnitedStates, Cuyahoga App. No. 89665, 2008-Ohio-929; Havely v.Franklin County, Franklin App. No. 07AP-1077, 2008-Ohio-4889; Featherstone v.City of Columbus, Franklin App. No. 06AP-89, 2006-Ohio-3150. Similarly, courts have determined that no section of the Revised Code expressly imposes liability upon a public agency for assault, battery, infliction of emotional distress, false arrest, malicious prosecution, or civil conspiracy. See Terry v. City of Columbus (S.D. Ohio July 1, 2008), Case No. 2:06-CV-720 (under the second-tier of the analysis, the city remains entitled to immunity on claims for assault and battery, infliction of emotional distress, false arrest, and malicious prosecution); Wilson v.Stark Cty. Dept. of Human Services, 70 Ohio St. 3d 450, 452,1994-Ohio-394, 639 N.E.2d 105 (under second tier of analysis, defendant was entitled to immunity on claim of intentional infliction of emotional distress); Ramey v. Mudd, *Page 9 154 Ohio App.3d 582, 587-88, 2003-Ohio-5170, 798 N.E.2d 57 (finding immunity for assault and battery); Lee v. City of Cleveland, 151 Ohio App.3d 581,587, 2003-Ohio-742, 784 N.E.2d 1218 (city immune on claims that officers used excessive force in making arrest); Ratcliff v. Darby, Scioto App. No. 02CA2832, 2002-Ohio-6626 (police department immune from liability for a claim of assault, battery, false arrest and malicious prosecution); Maggio v. City of Warren, Trumbull App. No. 2006-T-0028,2006-Ohio-6880 (immunity for assault, battery, false arrest, malicious prosecution and intentional and negligent infliction of emotional distress claims).
 {¶ 27} As to the claim for civil conspiracy, we note that this tort is "a malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone, resulting in actual damages." Kenty v. Transamerica Premium Ins. Co. (1995),72 Ohio St.3d 415, 419, 1995-Ohio-61, 650 N.E.2d 863. We find no basis for concluding that liability is expressly imposed upon the political subdivision when this tort is established, however.
 {¶ 28} By application of all of the foregoing, plaintiffs can prove no set of facts in support of their claims which entitle them to relief from the Village of Newburgh Heights and the Newburgh Heights Police Department. The assignment of error is well-taken. Accordingly, the order of the trial court that denied the renewed motion for judgment on the pleadings is hereby reversed. The matter is remanded for further proceedings as to the remaining defendants.
 {¶ 29} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion. *Page 10 
It is, therefore, considered that said appellants recover of said appellees its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, P.J., and MARY EILEEN KILBANE, J., CONCUR.
[1] Plaintiffs assert that the village was required to file its notice of appeal following the denial of their first motion for judgment on the pleadings, and that the village was not permitted to seek reconsideration of this ruling, because, they claim, it was final and appealable. We conclude that, although the original denial of the village's motion was final and appealable, Hubbell v. City ofXenia, 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878, the court clearly rendered judgment as to fewer than all the parties. Therefore we cannot say that the trial court abused its discretion in entertaining the village's motion for reconsideration of this ruling in a multi-claim, multi-party case. Cf. Hall v. Mem'l Hosp., Union App. No. 14-06-03, 2006-Ohio-4552.
[1] In Friga v. City of E. Cleveland, Cuyahoga App. No. 88262,2007-Ohio-1716, this court held that "common law agency principles are clearly trumped by the Political Subdivision Tort Liability Act." *Page 1