OPINION
{¶ 1} Defendant-appellant Charles R. Bowling appeals from the July 25, 2005, Sentencing Entry of the Knox County Court of Common Pleas.
 {¶ 2} Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On April 5, 2005, Appellant was indicted on six counts of Deception to Obtain a Dangerous Drug, in violation of R.C.2925.22(A) and one count of Failure to Register as a Sexual Offender, in violation of R.C. 2950.04(A).
 {¶ 4} Appellant was convicted in Florida on May 8, 1997, of one count of Attempted Capital Sexual Battery in violation of Florida Statutes No. 794.011(2)(A) 1997 and 777.04(1) 1997.
 {¶ 5} On July 7, 2005, Appellant entered a plea of guilty to three counts of Deception to Obtain a Dangerous Drug and the one count of Failure to Register as a Sexual Offender. The State of Ohio moved the trial court to dismiss the remaining three counts of Deception to Obtain a Dangerous Drug.
 {¶ 6} On July 22, 2005, Appellant was sentenced to a definite term of fifteen (15) months in prison on each of the three counts of Deception to Obtain a Dangerous Drug and three (3) years on the count of Failure to Register as a Sexual Offender. All sentences were ordered to be served concurrently.
 {¶ 7} Appellant now appeals, raising the following assignment of error:
 ASSIGNMENTS OF ERROR {¶ 8} "I. THE DEFENDANT-APPELLANT'S CONVICTION AND SENTENCE TO A TERM OF THREE (3) YEARS IN PRISON FOR THE CHARGE OF FAILURE TO REGISTER AS A SEXUAL OFFENDER IN VIOLATION OF R.C. 2950.04(A) IS VOID AS A MATTER OF LAW.
 {¶ 9} "II. THE DEFENDANT-APPELLANT WAS INCORRECTLY INDICTED FOR A FELONY OF THE THIRD DEGREE IN VIOLATION OF R.C. 2950.04 AND THEREFORE HIS CONVICTION AND SENTENCE TOA TERM OF THREE YEARS IN PRISON IS VOID AS A MATTER OF LAW."
 I. {¶ 10} Appellant, in his first assignment of error, argues that his conviction and resulting sentence on the charge of failing to register is void as a matter of law. We disagree.
 {¶ 11} Specifically, Appellant argues that R.C. 2950.99, as amended on April 29, 2005, was applied to him retroactively and that such was unconstitutional. Appellant submits that Revised Code Section 2950.99 cannot be applied to him under the prohibition against retroactive laws set forth in Article II, Section 28, of the Ohio Constitution.
 {¶ 12} Upon review, this error is overruled on the authority of State v. Cook (1998), 83 Ohio St.3d 404, 700 N.E.2d 570 andState v. Nosic (Feb. 1, 1999), Stark App. No. 1997CA00248. TheCook court determined that the registration, verification and notification portions of H.B. 180 did not violate the prohibition against retroactive laws. Citing the New Jersey Supreme Court inDoe v. Poritz (1995), 142 N.J. 1, 662 A.2d 367, Cook (p. 412) sets forth the following: "if the law did not apply to previously convicted offenders, notification would provide practically no protection now, and relatively little in the near future. The Legislature reached the irresistible conclusion that if community safety was its objective, there was no justification for applying these laws only to those who offend or who are convicted in the future, and not applying them to previously convicted offenders . . . The Legislature concluded that there was no justification for protecting only children of the future from the risk of reoffense by future offenders, and not today's children from the risk of reoffense by previously convicted offenders, when the nature of those risks were identical . . .". Cook (p. 414) further states, "[t]o hold otherwise would be `to find that society is unable to protect itself from sexual predators by adopting the simple remedy of informing the public of their presence.'" (Citing Doe v. Poritz, 142 N.J. at 109,662 A.2d at 422)
 {¶ 13} Appellant's first assignment of error is, therefore, overruled.
 II. {¶ 14} In his second assignment of error, Appellant argues that it was error for him to be indicted for a third degree felony with regard to the charge of failing to register. We disagree.
 {¶ 15} Appellant argues that the crime for which he was charged and convicted of a first degree felony in Florida would have been charged as Gross Sexual Imposition in Ohio, a felony of the fifth degree. Appellant further argues that he therefore should only have been charged with a fifth degree felony charge of Failure to Register as a Sexual Offender under R.C. 2950.99.
 {¶ 16} Upon review this Court finds that Florida court's sentencing order stated:
 {¶ 17} "The Defendant has been convicted of or has been found to have committed, regardless of adjudication, or has pled nolo contender or guilty to attempted capital sexual battery, a capital life, or first degree felony violation of Chapter 794 or s. 847.0145 or of a similar law or another jurisdiction, on the 8 day of May, 1997."
 {¶ 18} We therefore find that the crime for which Appellant was convicted in Florida was a felony of the first degree. We find no authority for re-interpreting or re-categorizing crimes for which an appellant has been convicted in another state.
 {¶ 19} Appellant's second assignment of error is overruled.
 {¶ 20} Accordingly, the judgment of the Knox County Court of Common Pleas is affirmed.
By: Boggins, J. Wise, P.J. concurs Hoffman, J. dissents.