[Cite as *Johnson v. Greater Cleveland Regional Transit Auth.*, 2014-Ohio-4694.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 101249**

---

## STEPHEN JOHNSON

PLAINTIFF-APPELLEE

vs.

## GREATER CLEVELAND R.T.A.

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-12-791044

**BEFORE:**   Kilbane, J., Keough, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:**   October 23, 2014

**ATTORNEYS FOR APPELLANT**

Colleen A. Mountcastle
Joseph W. Pappalardo
Gallagher Sharp
Sixth Floor, Bulkley Building
1501 Euclid Avenue
Cleveland, Ohio 44115

Sheryl King Benford
General Counsel, G.C.R.T.A.
Keith A. Ganther
Associate Council, G.C.R.T.A.
6th Floor, Root-McBride Building
1240 West 6th Street
Cleveland, Ohio 44113


**ATTORNEY FOR APPELLEE**

Sarah T. Kovoor
Ford, Gold, Kovoor & Simon Law Group
8872 East Market Street
Warren, Ohio 44484

MARY EILEEN KILBANE, J.:

**{¶1}** Defendant-appellant, the Greater Cleveland Regional Transit Authority ("GCRTA"), appeals from the trial court's decision denying its motion for summary judgment. For the reasons set forth below, we affirm.

**{¶2}** In September 2012, plaintiff-appellee, Stephen Johnson ("Johnson"), filed a complaint, alleging negligence and assault, for injuries he sustained while GCRTA Officer Rhonda Briskey ("Briskey") stopped and asked him to produce evidence of his fare card.[1] Johnson was a passenger on a GCRTA rapid on September 12, 2011. He exited the rapid at the West 117th rapid station. He alleges that when he exited from the train, Briskey approached and assaulted him, which caused him injuries.

**{¶3}** In January 2013, GCRTA filed a motion for summary judgment, asserting political subdivision immunity under R.C. Chapter 2744. GCRTA argued it was entitled to summary judgment because no exceptions to immunity apply to Johnson's claims and R.C. 2744.03(A)(3) affords it immunity. R.C. 2744.03(A)(3) provides that:

> In a civil action brought against a political subdivision or an employee of a
> political subdivision to recover damages for injury, death, or loss to person
> or property allegedly caused by any act or omission in connection with a

---

[1]We note that Johnson filed his complaint pro se, but retained counsel in November 2012.

governmental or proprietary function, the following defenses or immunities may be asserted to establish nonliability:

* * *

The political subdivision is immune from liability if the action or failure to act by the employee involved that gave rise to the claim of liability was within the discretion of the employee with respect to policy-making, planning, or enforcement powers by virtue of the duties and responsibilities of the office or position of the employee.

{¶4} GCRTA attached affidavits from Briskey and GCRTA Officer Hurrell Smith ("Smith") to establish facts of the incident. According to Briskey and Smith, they were randomly checking fare passenger cards at the West 117th Street station on September 12, 2011. Briskey approached Johnson, identified herself, and asked him to show his fare card. Johnson shoved his fare card in Briskey's face. Briskey moved his hand from her face in order to inspect the fare card. The card appeared to be valid and Briskey gave the card back to Johnson. At no time, did Briskey push Johnson into a wall, twist his arm, or scream at him.

{¶5} Johnson opposed GCRTA's motion for summary judgment, arguing that GCRTA is not entitled to political subdivision immunity. In support of his brief in opposition, Johnson attached his affidavit and the statement of Donald Wilson ("Wilson"), a witness to the incident. According to Johnson, Briskey approached Johnson and requested that he show her his fare card. He complied with her request and

proceeded to exit the rapid station. Briskey called him back to see his pass again. Briskey then grabbed his left hand, snatched the fare card out of his hand, pushed him into a concrete wall, put his fare card in her pocket, and screamed "this pass is not valid." Briskey then noticed that other passengers were in the area so she gave Johnson his fare card and left him alone. As a result of being thrown into the wall, Johnson states that he sustained injuries to his hand, wrist, and back and his cell phone was damaged.

{¶6} In Wilson's statement, he states that he did not know Johnson prior to this incident and gave Johnson his information if he needed him to be a witness. According to Wilson, Briskey grabbed Johnson's left hand to snatch the fare card away from him and put it in her pocket. She was yelling at Johnson, saying that the pass was invalid. When Briskey grabbed Johnson's hand, she twisted and pulled it, causing Johnson to fall to the ground. After she took the pass away from Johnson, Wilson states that Briskey "must have realized that the pass was valid because she took it out of her pocket and gave it back to [Johnson.]"

{¶7} The trial court denied GCRTA's motion for summary judgment, stating that Briskey's affidavit is in direct conflict with the affidavits of Johnson and Wilson. Therefore, the court found that a genuine issue of material facts exists. GCRTA requested reconsideration of the trial court's decision. The trial court held a hearing on GCRTA's motion for reconsideration in March 2014. At the hearing, GCRTA argued it was entitled

to immunity under R.C. 2744.03(A)(3). Johnson argued that GCRTA was not entitled to immunity because Briskey assaulted Johnson. The trial court denied GCRTA's motion in April 2014, stating:

Hearing on defendant's oral motion for reconsideration held on March 28, 2014. Plaintiff and defendant appeared through counsel. Upon further review of the briefing, relevant case law, and oral argument, the court's order denying defendant Greater Cleveland Regional Transit Authority's motion for summary judgment is affirmed.

**{¶8}** GCRTA now appeals, raising the following single assignment of error for review.

### Assignment of Error

The trial court erred in denying [GCRTA's] motion for summary judgment because it is entitled to immunity from liability under Chapter 2744 of the Ohio Revised Code.

### Standard of Review

**{¶9}** We review an appeal from summary judgment under a de novo standard of review. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241; *Zemcik v. LaPine Truck Sales & Equip. Co.*, 124 Ohio App.3d 581, 585, 706 N.E.2d 860 (8th Dist.1998). In *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 369-370, 1998-Ohio-389, 696 N.E.2d 201, the Ohio Supreme Court set forth the appropriate test as follows.

**{¶10}** Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter

of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. *Horton v. Harwick Chem. Corp.*, 73 Ohio St.3d 679, 1995-Ohio-286, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107, 662 N.E.2d 264, 273-274.

{¶11} Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); *Mootispaw v. Eckstein*, 76 Ohio St.3d 383, 385, 1996-Ohio-389, 667 N.E.2d 1197. Doubts must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359, 1992-Ohio-95, 604 N.E.2d 138.

Political Subdivision Immunity

{¶12} GCRTA argues that the trial court erred when it denied its motion for summary judgment because it is entitled to political subdivision immunity. The process to determine whether a political subdivision entity enjoys immunity involves a three-tiered analysis set forth in *Colbert v. Cleveland*, 99 Ohio St.3d 215, 2003-Ohio-3319, 790 N.E.2d 781.

> The first tier is the general rule that a political subdivision is immune from liability incurred in performing either a governmental function or

proprietary function.  [*Greene Cty. Agricultural Soc. v. Liming*, 89 Ohio St.3d 551, 556-557, 2000-Ohio-486, 733 N.E.2d 1141]; R.C. 2744.02(A)(1).   However, that immunity is not absolute.   R.C. 2744.02(B); *Cater v. Cleveland*, 83 Ohio St.3d 24, 28, 1998-Ohio-421, 697 N.E.2d 610.

The second tier of the analysis requires a court to determine whether any of the five exceptions to immunity listed in R.C. 2744.02(B) apply to expose the political subdivision to liability.   *Id.* at 28, 697 N.E.2d 610.   * * *

If any of the exceptions to immunity in R.C. 2744.02(B) do apply and no defense to that section protects the political subdivision from liability, then the third tier of the analysis requires a court to determine whether any of the defenses in R.C. 2744.03 apply, thereby providing the political subdivision a defense against liability.

*Id.* at ¶ 7-9.

{¶13} In the instant case, GCRTA argued in its motion for summary judgment and at the reconsideration hearing that it is entitled to judgment as a matter of law solely on the basis that it is immune from liability under R.C. 2744.03(A)(3).   This section is applied in the third tier of the analysis to restore political subdivision immunity.   Our analysis, therefore, is focused on the applicability of R.C. 2744.03(A)(3) to the matter before us.

{¶14} As stated above, R.C. 2744.03, which is titled, "defenses or immunities of subdivision and employee," provides that

(A) In a civil action brought against a political subdivision or an employee of a political subdivision to recover damages for injury, death, or loss to person or property allegedly caused by any act or omission in connection with a governmental or proprietary function, the following defenses or immunities may be asserted to establish nonliability:

* * *

(3) The political subdivision is immune from liability if the action or failure to act by the employee involved that gave rise to the claim of liability was within the discretion of the employee with respect to policy-making, planning, or enforcement powers by virtue of the duties and responsibilities of the office or position of the employee.

{¶15} In *Elston v. Howland Local Schools*, 113 Ohio St.3d 314, 2007-Ohio-2070, 865 N.E.2d 845, ¶ 27, the Ohio Supreme Court stated that

[t]he focus of subsection (A)(3) is that the employee be engaged in policy-making, planning, or enforcement. * * * [A] political subdivision may assert the immunity defense when an employee who has the duty and responsibility for policy-making, planning, or enforcement by virtue of office or position actually exercises discretion with respect to that power. This immunity exists even if the discretionary actions were done recklessly or with bad faith or malice.

{¶16} GCRTA maintains that Briskey was acting in the course and scope of her employment with GCRTA when she asked Johnson to show his fare card. GCRTA further maintains that Briskey acted in a reasonable manner and exercised her discretion and enforcement powers as a transit officer when asked to see Johnson's fare card and then moved Johnson's hand from her face.

{¶17} This court has previously addressed the application of the defense set forth in R.C. 2744.03(A)(3) in *Fuller v. Cuyahoga Metro. Hous. Auth.*, 8th Dist. Cuyahoga No. 92270, 2009-Ohio-4716. In *Fuller*, the plaintiff sued the Cuyahoga Metropolitan Housing Authority ("CMHA") for injuries he sustained while being arrested by CMHA police officers. We noted that: "[p]olice officers have discretion under most circumstances in deciding how to perform their duties." *Id.* at ¶ 19, citing *McCleskey v. Kemp*, 481 U.S. 279, 297, 107 S.Ct. 1756, 95 L.Ed.2d 262 (1987). We found that the

CMHA officers were engaged in the exercise of discretion, as set forth in R.C. 2744.03(A)(3), when they performed their duties of searching, seizing, and arresting Johnson. *Id.*, citing *Willis v. Commodity Specialists Co.*, 158 Ohio App.3d 444, 2004-Ohio-4807, 816 N.E.2d 611 (3d Dist.) (police officer's decision to allow traffic to proceed over grain spill was an exercise of police discretion under R.C. 2744.03(A)(3)); *Englehardt v. Beavercreek*, 2d Dist. Greene No. 91-CA-71, 1992 Ohio App. LEXIS 4136 (Aug. 13, 1992) (police officer's orders on the scene of a traffic accident were within officer's discretion under R.C. 2744.03(A)(3)).

{¶18} Similarly, Briskey's actions of randomly checking fare passenger cards were within her discretion in performing her duties as a GCRTA officer. In her own affidavit, Briskey stated that her duties as a transit officer for GCRTA involve checking passenger fare cards. The allegations, however, of the assault by Briskey after she asked for Johnson's fare card, create a genuine issue of material fact as to the discretion contemplated by R.C. 2744.03(A)(3).

{¶19} R.C. 2744.03 does not define "discretion," but in other contexts the Ohio Supreme Court has stated that "discretion involves the option between the 'doing and not doing of a thing which cannot be demanded as an absolute legal right[.]" *Fuller* at ¶ 15, quoting *Krupp v. Poor*, 24 Ohio St.2d 123, 265 N.E.2d 268 (1970), paragraph two of the syllabus. "Inherent in the concept of discretion is the understanding that the person in whom discretion is reposed must act in a just and proper manner, 'guided by the spirit, principles and analogies of the law[.]'" *Id.*, quoting *Krupp*.

**{¶20}** In the instant case, the only evidence before the trial court are affidavits, which conflict as to the relevant facts of the case. Johnson and Wilson state that Briskey grabbed Johnson's left hand, snatched the fare card out of his hand, pushed him into a wall and screamed "this pass is not valid." Whereas, Briskey and Smith state that Johnson shoved his fare card in Briskey's face, and at no time, did Briskey push Johnson into a wall, twist his arm, or scream at him.

**{¶21}** As a result, genuine issues of material fact remain with respect to whether Briskey's actions of grabbing Johnson's hand and pushing him into a wall are within her discretion while she was checking for Johnson's fare card. Therefore, when construing the evidence most strongly in Johnson's favor, we agree with the trial court in that GCRTA failed to demonstrate that it was entitled to judgment as a matter of law.

**{¶22}** Accordingly, the sole assignment of error is overruled.

**{¶23}** Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

MARY EILEEN KILBANE, JUDGE

TIM McCORMACK, J., CONCURS;
KATHLEEN ANN KEOUGH, P.J., DISSENTS (SEE SEPARATE DISSENTING OPINION)

KATHLEEN ANN KEOUGH, P.J., DISSENTS:

{¶24} Respectfully, I dissent. I would find that the trial court erred in denying GCRTA's motion for summary judgment because GCRTA is immune from liability.

{¶25} In its opinion denying GCRTA's motion for reconsideration, the trial court relied on R.C. 2744.03(A)(6) to find that there are questions of fact regarding whether GCRTA is immune from liability. That section, however, only applies when a plaintiff seeks to hold a governmental employee personally liable for the employee's actions relating to his or her governmental employment. *Rankin v. Cuyahoga Cty. Dept. of Children & Family Servs.*, 118 Ohio St.3d 392, 2006-Ohio-2567, 889 N.E.2d 521, ¶ 36; *Green Cty. Agricultural Soc. v. Liming*, 89 Ohio St.3d 551, 561, 2000-Ohio-486, 733 N.E.2d 1141; *Meredith v. Cleveland Hts. Police Dept.*, 8th Dist. Cuyahoga No. 93436, 2010-Ohio-2472, ¶ 14 ("An employee of a political subdivision may also be shielded by immunity from civil liability; however, the analysis is governed by R.C. 2744.03(A)(6), and it differs from the analysis used for the political subdivision.") Here, although Johnson named a Jane Doe defendant in his complaint, the record reflects that he never subsequently named the defendant nor served the summons and complaint on her in compliance with Civ.R. 15(D) and the one-year period to commence an action as required by Civ.R. 3(A). Accordingly, the only defendant in this action is GCRTA, a political

subdivision; R.C. 2744.03(A)(6) is therefore not applicable. *Howard v. Girard*, 11th Dist. Trumbull No. 2010-T-0096, 2011-Ohio-2331, ¶ 59 ("The [plaintiff's] reliance on R.C. 2744.03(A)(6) for his claim of *the city's* liability is misplaced.") (Emphasis sic).

{¶26} To determine whether GCRTA is immune, we apply the well-established three-tiered analysis for determining whether a political subdivision is immune from liability. The first tier is the general rule that a political subdivision is immune from liability incurred in performing either a governmental or proprietary function. R.C. 2744.02(A)(1).

{¶27} Under the second tier, once general immunity has been established, the burden lies with the plaintiff to establish that one of the exceptions to immunity listed in R.C. 2744.02(B) applies to expose the political subdivision to liability. *Harris v. Sutton*, 183 Ohio App.3d 616, 2009-Ohio-4033, 918 N.E.2d 181, ¶ 13 (8th Dist.). Under this section, political subdivisions are liable for injury caused by (1) the negligent operation of a motor vehicle by an employee of a political subdivision when the employee is engaged within the scope of his employment and authority; (2) the negligent performance of acts by employees engaged in a proprietary function of the political subdivision; (3) the negligent failure to keep public roads in repair and to remove obstructions from roads; (4) the negligence of an employee that occurs within or on the grounds of, and is due to physical defects within or on the grounds of, buildings that are used in connection with the performance of a governmental function; and (5) when liability is expressly imposed by the Revised Code.

{¶28} In his brief in opposition to GCRTA's motion for summary judgment, Johnson argued that "it is clear" that GCRTA was involved in a governmental function and that R.C. 2744.02(B)(4) applied as an exception to GCRTA's immunity, i.e., that his injuries occurred on the grounds of a building used in connection with the performance of a governmental function. This section does not create an exception to GCRTA's immunity, however. R.C. 2744.02(B)(4) requires that the injury was incurred "due to physical defects within or on the grounds of" a building used in connection with the performance of governmental functions. Johnson made no allegation nor is there any factual support for a claim that his alleged injuries were caused due to a physical defect of the rapid transit station. Accordingly, R.C. 2744.02(B)(4) is not applicable as an exception to GCRTA's immunity.

{¶29} Apparently recognizing that R.C. 2744.02(B)(4) is inapplicable, Johnson now contends on appeal that GCRTA was involved in a proprietary function and hence, that R.C. 2744.02(B)(2) — which provides that a political subdivision is not immune for the negligent acts of employees engaged in a proprietary function — applies as an exception to GCRTA's immunity.

{¶30} The definitions of "governmental function" and "proprietary function" are set forth in R.C. 2744.01. Under R.C. 2744.01(C)(2)(i), a governmental function includes "the enforcement * * * of any law." R.C. 2744.01(G)(2)(c) provides that a proprietary function includes "[t]he establishment, maintenance, and operation of * * * a busline or other transit company * * *."

**{¶31}** I would find that although the operation of a public transit company is a proprietary function, Officer Briskey was engaged in a governmental function for GCRTA at the time of the alleged incident. R.C. 2917.41, regarding misconduct involving a public transportation system, provides that, among other things, no person shall evade payment of the fares of a public transportation system; alter any pass with the purpose of evading the payment of fares; play sound equipment without the use of an earphone; smoke, eat, or drink in any area where the activity is marked as prohibited; deface any facility or vehicle of the public transportation system; fail to comply with a lawful order of a public transportation system police officer; or resist, obstruct, or abuse a public transportation police officer in the performance of the officer's duties. Briskey's affidavit, attached to GCRTA's motion for summary judgment, established that she is employed as a transit police officer for GCRTA, and that her duties involve "(1) patrolling assigned areas with the purpose of preventing disorder, criminal activity, and terrorism; (2) checking fare cards; and (3) maintaining peace and order on the rail, buses, stations, platform, and any other GCRTA property." Johnson offered no evidence to dispute these assertions. Thus, the evidence was undisputed that Officer Briskey is responsible for enforcing the law, and it is apparent that she was doing exactly that when she asked Johnson to show his fare card. Because Officer Briskey was engaged in a governmental function at the time of the alleged incident, there is no R.C. 2744.02(B) exception to immunity that applies and, accordingly, the trial court erred in denying GCRTA's motion for summary judgment.

**{¶32}** Furthermore, I would find that even if, as argued by Johnson, the R.C. 2744.02(B)(2) exception to immunity applies, under the third tier of analysis, GCRTA's immunity is reinstated under R.C. 2744.03(A)(3). R.C. 2744.03(A)(3) provides that:

> [t]he political subdivision is immune from liability if the action or failure to act by the employee involved that gave rise to the claim of liability was within the discretion of the employee with respect to policy-making, planning, or enforcement powers by virtue of the duties and responsibilities of the office or position of the employee.

**{¶33}** This court addressed the application of this defense in *Fuller v. Cuyahoga Metro. Hous. Auth.*, 8th Dist. Cuyahoga No. 92270, 2009-Ohio-4716. In *Fuller*, the plaintiff sued the Cuyahoga Metropolitan Housing Authority ("CMHA"), a political subdivision, relating to rough treatment he suffered during an arrest by CMHA police officers. Although the case involved an arrest, which this case does not, this court noted that "police officers have discretion under most circumstances in deciding how to perform their duties" and "the use of force * * * is related to the 'enforcement powers' vested in police officers." *Id.* at ¶ 19-20. Accordingly, this court found that CMHA was immune from liability because for purposes of R.C. 2744.03(A)(3), "the officers were engaged in the exercise of discretion in performing their duties * * *." *See also Vasquez v. Windham*, 11th Dist. Portage No. 2005 P 0068, 2006-Ohio-6342, ¶ 32 (R.C. 2744.03(A)(3) shielded city from liability because police officer's alleged actions of failing to identify proper wrongdoer before issuing summons and complaint were within the discretionary enforcement powers granted to police officers); *Englehardt v. Beavercreek*, 2d Dist. Greene No. 91-CA-71, 1992 Ohio App. LEXIS 4136, *4 (Aug. 13, 1992) (police officer's orders on the scene of a traffic accident were within the

officer's discretion under R.C. 2744.03(A)(3) by virtue of his powers, duties, and responsibilities as a police officer).

{¶34} Likewise, in this case, Officer Briskey was exercising her discretion in deciding how to perform her duties as a transit police officer during the alleged incident with Johnson. The majority contends that Johnson's allegations that Briskey grabbed his hand, snatched the fare card, and pushed him into a wall, when compared with Briskey's affidavit averring that she moved Johnson's hand from her face but did not twist his arm, scream at him, or push him into a wall, create an issue of fact regarding whether she was acting within the discretion afforded to police officers. But as *Fuller* makes clear, the use of force is part of the discretionary enforcement powers vested in police officers. Furthermore, the Ohio Supreme Court has stated that "R.C. 2744.03(A)(3) does not have language limiting its grant of immunity. * * * *The immunity exists even if the discretionary actions were done recklessly or with bad faith or malice*." (Emphasis added.) *Elston v. Howland Local Schools*, 113 Ohio St.3d 314, 2007-Ohio-2070, 865 N.E.2d 845, ¶ 27. Thus, even if the events happened as Johnson alleges, GCRTA is immune from liability.

{¶35} Moreover, Johnson's complaint concedes that Officer Briskey was acting within the course and scope of her employment with GCRTA (that is, employment as a transit police officer that necessarily includes the discretionary enforcement powers granted to police officers) but asserts that Briskey acted negligently. However, "[t]he point of R.C. Chapter 2744 is to immunize political subdivisions under certain

circumstances from liability rooted in negligent behavior." *Pope v. Trotwood-Madison City School Dist. Bd. of Edn.,* 2d Dist. Montgomery No. 20072, 2004-Ohio-1314, ¶ 29. Because Officer Briskey's actions were within her discretion by virtue of her duties as a transit police officer, GCRTA is immune from liability under R.C. 2744.03(A)(3), and accordingly, I would find that the trial court erred in denying its motion for summary judgment.